UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUSSELL HOWARD JONES,

     Plaintiff,

v.                                        Case No: 2:16-cv-262-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____

## OPINION AND ORDER

Plaintiff Russell Howard Jones seeks judicial review of the denial of his claim for Social Security, disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **AFFIRMED**.

I.    Issue on Appeal[1]

Plaintiff raises one issue on appeal: whether the Administrative Law Judge ("ALJ") properly found that Plaintiff's condition of ulnar neuropathy is not a severe impairment.

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

## II. Procedural History and Summary of the ALJ's Decision

On December 18, 2009, Plaintiff filed applications for a period of disability, DIB and SSI. Tr. 222-29. Plaintiff alleged that his disability began December 1, 2006 due to degenerative disc disease effecting his neck, back, legs and feet, with a secondary diagnosis of diabetes mellitus. Tr. 99-100, 274. Plaintiff's claims were denied initially and upon reconsideration. Tr. 99-102. Plaintiff requested a hearing before an ALJ and received a hearing before ALJ Ronald S. Robins on June 30, 2011. Tr. 40, 144-45. Plaintiff appeared and testified at the hearing, during which Plaintiff was represented by counsel. Tr. 40, 45-64. At the hearing, he alleged an additional condition of bilateral ulnar neuropathy. Tr. 59-60. On September 23, 2011, the ALJ issued a decision finding Plaintiff not disabled from December 1, 2006, through the date of the decision. Tr. 106-17. Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was granted on December 19, 2012. Tr. 121-23, 149. The Appeals Council remanded the case to the ALJ for further proceedings. Tr. 121-23. Plaintiff received a second hearing before ALJ Lornette Reynolds on November 12, 2013, during which again he was represented by counsel. Tr. 66. Plaintiff and vocational expert Jenny Kramer testified at the hearing. *Id.* Plaintiff again alleged an additional condition of bilateral ulnar neuropathy at the hearing. Tr. 72, 86-87.

On May 21, 2014, the ALJ issued a decision finding Plaintiff not disabled since October 18, 2009 through the date of the decision. Tr. 18-34. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act

through December 31, 2011, and has not engaged in substantial gainful activity since October 18, 2009, the alleged onset date. Tr. 21. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, degenerative changes of the left ankle and obesity. *Id.* Proceeding to step three, the ALJ found that Plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 22. At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> lift, carry, push, and/or pull 10 pounds frequently and 20 pounds occasionally. [Plaintiff] can also sit for 6 hours out of an 8-hour workday with normal breaks and can stand and/or walk for 6 hours out of an 8-hour workday with normal breaks (20 CFR 404.1567(b) and 416.967(b)). [Plaintiff] can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. In addition, he can occasionally balance, kneel, stoop, crouch, and crawl. As for enviro[nm]ental exposures, [Plaintiff] cannot work in jobs requiring exposure to unprotected heights, extreme cold, and walking on uneven surfaces. [Plaintiff] does not have any established visual, communicative, manipulative or mental limitations.

Tr. 23. Next, the ALJ determined that Plaintiff is unable to perform any past relevant work. Tr. 32. Considering Plaintiff's age, education, work experience and RFC, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 32-34. As a result, the ALJ found that Plaintiff has not been disabled from October 18, 2009, through the date of the decision. Tr. 34.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council. Tr. 14. On February 5, 2016 the Appeals Council denied Plaintiff's request for review. Tr. 1-3. Accordingly, the ALJ's May 21, 2014 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on June 2, 2016. Doc. 1. Both parties have consented to the jurisdiction of the United States Magistrate Judge, and this matter is now ripe for review. Doc. 17.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[2] The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §416.920. The Eleventh Circuit has summarized the five steps as follows:

---

[2] The Court notes that after Plaintiff filed his applications and the ALJ issued the decision, certain Social Security rulings and regulations have been amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *Green v. Soc. Sec. Admin., Comm'r*, — F. App'x —, 2017 WL 3187048, at *4 (11th Cir. July 27, 2017) (in reviewing the ALJ's decision, refusing to apply SSR 16-3p retroactively because "administrative rules are not generally applied retroactively."); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply."). *See also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (holding that when the Appeals Council denies review of the ALJ's decision, appellate courts review the ALJ's decision as the Commissioner's final decision).

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner. *Id.* at 933; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."

*Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP*, 95 F.3d 1079, 1082 (11th Cir. 1996)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) (citing *Grant v. Richardson*, 445 F.2d 656 (5th Cir.1971)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

### IV. Discussion

> *Whether the ALJ properly found that Plaintiff's condition of ulnar neuropathy is not a severe impairment.*

The ALJ determined at step two that Plaintiff suffers from multiple severe impairments. Tr. 21. Specifically, she found that Plaintiff has severe impairments of degenerative disc disease of the cervical and lumbar spine, degenerative changes

of the left ankle and obesity. *Id.* Although the ALJ did not specifically address Plaintiff's bilateral ulnar neuropathy at step two, she found that "the record documents some additional impairments; however, the undersigned finds that those impairments are not severe, as they do not cause more than minimal work-related limitations." *Id.* She then proceeded through the sequential evaluation. Tr. 21-34. In assessing Plaintiff's RFC, the ALJ discussed Plaintiff's medical records in detail, including those pertaining to bilateral ulnar neuropathy. *See* Tr. 23-32.

> Regarding [Plaintiff's] allegations of disabling neck pain and difficulty holding things, the undersigned finds that they are inconsistent with the evidence of record. Diagnostic imaging does document that [Plaintiff] has cervical spondylosis with a disc bulge at C6-C7 causing spinal canal stenosis and neural foraminal narrowing (Ex. 13F, pg. 90 and 14F, pgs. 9-10). The record also documents EMG studies suggestive of bilateral ulnar neuropathy (Ex. 9F, pgs. 9 and 11). However, MRI results show that there is no abnormal cord signal (Ex. 14F, pgs. 9-10). Of significance, Dr. Benveniste, a neurosurgeon, assessed that [Plaintiff's] main symptoms were not likely to improve with surgery, as there was no intrinsic cord signal change or high-grade compression (Ex. 12F, pg. 9). In addition, physical examinations document normal observations for [Plaintiff's] strength and reflexes in the upper extremities (Ex. 3F, pg. 23, 5F, pg. 37, l0F, pg. 29, and 12F, pg. 7). Further, while there is some evidence of decreased sensation to light touch in [Plaintiff's] right hand and fingers (Ex. 5F, pg. 37, 13F, pg. 32, and 5F, pg. 48), there is little, if any, evidence of difficulty with gross or fine motor movements of the hands. In fact, Dr. Johnson, the consultative physician, noted that [Plaintiff] was able to button, pick up a coin, and open a door (Ex. 4F, pg. 2). Thus, [Plaintiff's] allegations of disabling neck pain and difficulty holding things are not consistent with the evidence of record, and therefore, they are not credible.

Tr. 29-30.

Plaintiff argues that the ALJ erred by finding that Plaintiff's ulnar neuropathy is not a severe impairment, and the ALJ improperly applied a higher severity standard when making this decision. Doc. 27 at 5-6. The Commissioner responds

that the ALJ found Plaintiff had at least one severe impairment at step two and considered Plaintiff's ulnar neuropathy in her assessment of Plaintiff's RFC. Doc. 28 at 4-7. In addition, the Commissioner asserts Plaintiff failed to show that his ulnar neuropathy caused greater limitations in his ability to work than what the ALJ assessed. *Id.* at 5-7. Having reviewed the record, the applicable law, and the decision of the ALJ, the Court finds substantial evidence supports the ALJ's decision, and she applied the appropriate legal standards.

As a threshold matter, the Court finds Plaintiff has not met his burden to show that his impairment is severe. Plaintiff bears the burden of establishing that his impairment is severe and prevents the performance of his ability to work. *Bowen*, 482 U.S. at 146 n.5. A severe impairment is an impairment or combination of impairments that significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

As noted by the Eleventh Circuit, "the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). Diagnosis alone of a condition does not speak to whether the condition affects a claimant's

ability to work.  *Id.*  Accordingly, Plaintiff cannot meet his burden simply by presenting the existence of an impairment because "[t]he mere existence of an impairment does not reveal the extent to which it limits a claimant's ability to work, nor does it 'undermine the ALJ's determination' regarding her ability to work." *Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005)).

Here, Plaintiff does not sufficiently show that his bilateral ulnar neuropathy prevents or significantly limits his ability to work.  Plaintiff attempts to meet his burden and rebut the ALJ's severity finding primarily by relying on his own testimony regarding his symptoms of bilateral ulnar neuropathy that contradicts the ALJ's findings.  Doc. 27 at 7.  Despite his reliance, however, Plaintiff does not challenge the ALJ's credibility finding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  Tr. 29.  Specifically, the ALJ determined that Plaintiff's relevant "allegations of disabling neck pain and difficulty holding things . . . are inconsistent with the evidence of record."  Tr. 29.  Because Plaintiff did not challenge the ALJ's credibility finding, the issue is waived.  *See Access Now*, 385 F.3d at 1330.

In further support of his argument, Plaintiff presents only one medical opinion that the results of an EMG and nerve conduction study were "suggestive of bilateral ulnar neuropathy."  Doc. 27 at 7.  Plaintiff does not show any medical evidence that supports restrictions on Plaintiff's ability to work due to this impairment.  *Id.*  This evidence alone is not sufficient to satisfy Plaintiff's burden because, as noted, "[t]he

mere existence of an impairment does not reveal the extent to which it limits a claimant's ability to work, nor does it 'undermine the ALJ's determination' regarding her ability to work." *Robinson*, 365 F. App'x at 95 (citing *Moore*, 405 F.3d at 1213 n.6); *see McCruter,* 791 F.2d at 1547.

Even assuming the ALJ erred by finding Plaintiff's bilateral ulnar neuropathy not severe, the Court finds that any such error was harmless. This circuit holds that the ALJ's finding "of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). This is because after proceeding beyond step two of the process, the ALJ must consider all of the claimant's impairments taken as a whole when determining whether his impairments qualify as a disability (step three) and whether he can return to his past work (step four) or, if not, whether he can perform other work available in the national economy (step five). *Id.; see* 20 C.F.R. § 404.1520(a)(4). Accordingly, the Eleventh Circuit has specifically held that if the ALJ finds any severe impairment at step two and proceeds forward, "any error in failing to find that [the claimant] suffers from [] additional severe impairments . . . would be rendered harmless." *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013).

Here, the ALJ found that Plaintiff had multiple severe impairments and proceeded beyond step two. Tr. 21-34. As noted, in assessing Plaintiff's RFC, the ALJ discussed at length Plaintiff's medical records regarding bilateral ulnar

neuropathy. Tr. 29-30. Accordingly, because the ALJ proceeded beyond step two and considered Plaintiff's bilateral ulnar neuropathy in her RFC assessment, any error in finding that Plaintiff's bilateral ulnar neuropathy is not severe was harmless. *See Packer*, 542 F. App'x at 892 (finding harmless error where an ALJ does not find a particular condition severe but proceeds past step two of the sequential evaluation).

As the Eleventh Circuit has stated, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). The ALJ found in favor of the Plaintiff at step two and appropriately considered Plaintiff's bilateral ulnar neuropathy and associated symptoms when determining Plaintiff's RFC. Tr. 29-30. As a result, the Court finds that the ALJ's error at step two, if any, was harmless. *See Packer*, 542 F. App'x at 892. Based on the findings above, the Court finds that the ALJ appropriately assessed the severity of Plaintiff's impairments.

## V. Conclusion

Upon review of the record, the Court concludes that the ALJ applied the proper legal standards, and her determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner be **AFFIRMED**.

2. The Clerk of Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of September, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record